**Clifton Wayne MAXWELL,**
**Plaintiff–Appellant,**

v.

**J. SINGH; et al., Defendants–Appellees.**

No. 08–55152.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 13, 2009 *.

Filed Oct. 23, 2009.

Clifton Wayne Maxwell, San Diego, CA, pro se.

Benjamin Barnouw, Esquire, AGCA—Office of the California Attorney General (LA), Los Angeles, CA, for Defendants–Appellees.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: B. FLETCHER, LEAVY, and RYMER, Circuit Judges.

MEMORANDUM **

Clifton Wayne Maxwell, a California state prisoner, appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging that prison doctors and a correctional officer were deliberately indifferent to his gastrointestinal pain and bleeding. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Toguchi v. Chung,* 391 F.3d 1051, 1056 (9th Cir.2004), and we affirm.

The district court properly granted summary judgment on Maxwell's delay-of-treatment claim against Dr. Singh because Maxwell did not raise a triable issue as to whether (1) Dr. Singh was aware of Maxwell's complaints prior to January 27, 2004; (2) Dr. Singh was responsible for scheduling Maxwell's medical visits; (3) any delay by the doctor caused further harm; or (4) Dr. Singh should have known that delay would cause further harm. *See Hallett v. Morgan,* 296 F.3d 732, 746 (9th Cir.2002) (explaining that delay alone is insufficient). As to Maxwell's claim that Dr. Singh delayed in treating his pain, Maxwell did not raise a triable issue as to whether (1) the two instances when Dr. Singh saw Maxwell and did not prescribe Prilosec were more than isolated incidents, *see Jett v. Penner,* 439 F.3d 1091, 1096 (9th Cir.2006) (explaining that isolated occurrences of neglect do not amount to a constitutional violation); (2) Dr. Singh had the requisite state of mind, *see Toguchi,* 391 F.3d at 1057; and (3) this was more than a

---

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

difference of opinion about treatment, *see id.* at 1059–60.

For the reasons stated by the district court we affirm summary judgment as to Maxwell's denial-of-treatment claims against Dr. Singh. *See generally Jett,* 439 F.3d at 1096 (explaining that deliberate indifference requires "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference").

The district court properly granted summary judgment on Maxwell's claims against Dr. Fitter because Maxwell failed to raise a triable issue as to whether the manner in which Fitter handled Maxwell's grievance demonstrated deliberate indifference, or that any harm resulted. *See id.*

The district court properly granted summary judgment on Maxwell's claim against Sergeant Gunn because Maxwell failed to raise a triable issue as to whether any medical personnel requested Gunn to escort Maxwell to the infirmary or that prison regulations permitted Gunn to take Maxwell to the infirmary without such authorization.

We decline to consider Maxwell's contentions concerning the 2008 medical records that were not presented to or considered by the district court. *See Lowry v. Barnhart,* 329 F.3d 1019, 1024 (9th Cir. 2003).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.